IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS, a non-profit organization; CONSERVATION NORTHWEST, a non-profit organization; OREGON WILD, a non-profit organization; CASCADIA WILDLANDS, a non-profit organization; and WILDERNESS WORKSHOP,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. DEPARTMENT OF THE INTERIOR, a federal department; SALLY JEWELL, in her official capacity as Secretary of the Interior; DANIEL ASHE, in his official capacity as Director of the U.S. Fish and Wildlife Service; and U.S. FISH AND WILDLIFE SERVICE, a federal agency,<br><br>Defendants. | CV 14–270–M–DLC<br><br>(Consolidated with Case No. 14–272–M–DLC)<br><br>ORDER |

Before the Court is Plaintiff Alliance for the Wild Rockies' ("Alliance") motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to amend the judgment in this matter to provide further injunctive relief. All additional Plaintiffs support this motion. Alliance requests that specific designations of Canada lynx ("lynx") critical habitat outlined in the Fish & Wildlife Service's

-1-

2009 Rule, which were excluded from the 2014 Rule, should now be included in the 2014 Rule. Alliance argues that when the Fish & Wildlife Service issued its lynx critical habitat designation in 2014, "it omitted hundreds of square miles of areas from the Northern Rockies and the Greater Yellowstone Area that had been designated as critical habitat in the 2009 Rule." (Doc. 70 at 2.) After almost two years of litigation and without making this argument in its Complaint or further pleadings, Alliance now requests further injunctive relief from the Court.

Defendants counter that Alliance's Rule 59(e) motion is untimely and unjustified under both the law and the facts of this case. In summary, the Defendants contend that Rule 59(e) is not designed to allow parties to raise arguments or present new evidence for the first time. *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890–91 (9th Cir. 2000).

The Court agrees. Alliance's request to alter the 2014 Rule to encompass critical habitat included in the 2009 Rule but excluded from the 2014 Rule is untimely. Alliance had ample opportunity to present this argument in its Complaint and during litigation. Further, Alliance has not demonstrated any valid factual justification for their belated attempt to change their requested relief. All facts underlying the 2009 Rule and the 2014 Rule were available to Alliance

from the outset of this lawsuit.

Accordingly, IT IS ORDERED that Plaintiffs' motion to alter judgment pursuant to Rule 59(e) (Doc. 69) is DENIED. The Court's Order dated September 7, 2016, shall remain in full force and effect.

DATED this 19th day of October, 2016.

Dana L. Christensen, Chief District Judge
United States District Court